RE: MANDATED SALARIES AND COLLECTIVE BARGAINING
THIS WILL RESPOND TO YOUR LETTER DATED SEPTEMBER 6, 1989, ASKING FOR AN INFORMAL OPINION PERTAINING TO THE FOLLOWING QUESTION:
 DOES THE FACT THAT A SCHOOL DISTRICT AND ITS EMPLOYEES ARE USING A NEGOTIATION PROCESS AS PROVIDED BY LAW NEGATE THE REQUIREMENT IN SECTION 54(A) OF HB 1049 THAT 80% OF THE 75% MONEY DEDICATED TO SALARY AND FRINGE BENEFIT INCREASES, BE USED TO PROVIDE SALARY AND FRINGE BENEFIT INCREASES OF CLASSROOM TEACHERS AND SUPPORT PERSONNEL WHO WERE EMPLOYED BY THE DISTRICT IN SCHOOL YEAR 1988-89 AND ARE EMPLOYED IN THE SCHOOL DISTRICT IN THE SCHOOL 1989-90?
AS OUR PRIOR EXCHANGE OF CORRESPONDENCE INDICATES, SOME OF THE ISSUES RAISED IN YOUR LETTER WERE ADDRESSED PERIPHERALLY IN A PRIOR OPINION ISSUED BY THIS OFFICE, A. G. OPIN. NO. 88-095. IT IS CONCEDED THAT THE QUESTION YOU RAISE IS NOT DIRECTLY ADDRESSED BY THAT OPINION, NOR, I BELIEVE, COULD IT BE. IT IS MY OPINION THAT THE QUESTION YOU ASK MAY BE ANSWERED BY REFERENCE TO THE LEGISLATIVE ENACTMENT CITED IN YOUR LETTER; IT IS ALSO TRUE, HOWEVER, THAT THE ANSWER TO YOUR QUESTION MAY HINGE UPON FACTUAL VARIABLES THAT ARE BEYOND THE SCOPE OF AN OFFICIAL OPINION OF THE ATTORNEY GENERAL.
IT IS MY READING OF THE STATUTE, AND THIS VIEW IS CONSISTENT WITH THE ANALYSIS ADOPTED IN A.G. OPIN. NO. 88-095, THAT THE LEGISLATURE ENVISIONED THREE MEANS OF DETERMINING THE ALLOCATION OF STATE-APPROPRIATED TEACHER SALARY INCREASES. ONE PROCEDURE IS COLLECTIVE BARGAINING PURSUANT TO THE SCHOOL EMPLOYEES NEGOTIATIONS ACT (SENA), CODIFIED AT 70 O.S. 509.1 (1981) ET SEQ., AS AMENDED. THE SECOND PROCEDURE, NOT OTHERWISE SPECIFICALLY PROVIDED FOR BY STATUTE, IS WHAT I MIGHT DENOMINATE A "MEET AND CONFER" SYSTEM OF INFORMAL NEGOTIATIONS BETWEEN SCHOOL EMPLOYEES AND SCHOOL DISTRICTS. THE THIRD PROCEDURE IS THAT PROVIDED IN SECTION 54(A), WHICH PROVIDES A "NON-NEGOTIABLE" LEGISLATIVE MANDATE FOR THOSE SCHOOL DISTRICTS IN WHICH THERE IS NO COLLECTIVE BARGAINING RELATIONSHIP BETWEEN THE EMPLOYER AND THE TEACHERS.
THERE CAN BE LITTLE DOUBT IN MY MIND THAT THE LEGISLATURE INTENDED THE ACTUAL ALLOCATION OF THE 75% DIFFERENCE IN STATE AID IS A SUBJECT OF COLLECTIVE BARGAINING, AND THUS OF AGREEMENT, BETWEEN TEACHER ORGANIZATIONS AND LOCAL SCHOOL DISTRICTS WHERE A COLLECTIVE BARGAINING RELATIONSHIP EXISTS. THAT MEANS, IN CONCRETE TERMS, THAT THE DISTRICT AND THE TEACHER ORGANIZATION COULD AGREE THAT 5%, OR 50%, OR 100% OF THE 75% DIFFERENTIAL IN STATE AID COULD GO TO EMPLOYEES WHO HAD WORKED FOR THE SCHOOL DISTRICT IN SCHOOL YEAR 1988-89.
YOUR QUESTION IMPLIES THAT THERE IS A CURRENT DISPUTE AT THE BARGAINING TABLE BETWEEN A TEACHER ORGANIZATION AND A SCHOOL DISTRICT AS TO THE ALLOCATION OF THE 75% STATE AID DIFFERENTIAL. WHETHER A PARTICULAR POSITION ADVANCED BY EITHER PARTY WITH RESPECT TO THAT DISTRIBUTION VIOLATES STATE LAW IS, OF COURSE, A QUESTION OF FACT, TO BE DECIDED BY REFERENCE TO 70 O.S. 509.1 ET SEQ., PARTICULARLY THE PROVISION THAT REQUIRES THE PARTIES TO NEGOTIATE IN GOOD FAITH. THERE IS, OF COURSE, NO ADMINISTRATIVE FORUM FOR THE RESOLUTION OF THESE DISPUTES. THE SCHOOL EMPLOYEES' NEGOTIATIONS ACT PROVIDES THAT DISPUTES OVER STATUTORY RIGHTS, INCLUDING THE DUTY TO BARGAIN IN GOOD FAITH, ARE TO BE RESOLVED IN THE DISTRICT COURTS OF THE STATE OF OKLAHOMA. SEE, SECTION 70 O.S. 509.1.
IT IS LIKELY THAT OKLAHOMA COURTS WOULD LOOK TO PARALLEL PROVISIONS OF FEDERAL LABOR LAW IN DECIDING WHETHER EITHER PARTY HAD BREACHED THE STATUTORY DUTY TO BARGAIN IN GOOD FAITH. SEE, MAULE V. INDEPENDENT SCHOOL DISTRICT NO. 9, 714 P.2D 198, 201 (OKL. 1986). THAT DETERMINATION USUALLY REQUIRES A COURT TO EVALUATE THE TOTALITY OF THE PARTIES' ACTUAL CONDUCT AND IS PRIMARILY A QUESTION OF FACT. SEE, E.Q., N.L.R.B. V. NEWBERRY EQUIPMENT CO., 401 F.2D 604 (6TH CIR. 1968). OBVIOUSLY, THERE IS NO WAY TO MAKE SUCH AN ASSESSMENT IN ADVANCE OF THE UNFOLDING OF ALL FACTS, AND PARTICULARLY THERE IS NO WAY TO MAKE SUCH AN EVALUATION AS A MATTER OF LAW.
ANY READING OF 54 OTHER THAN THE ONE OFFERED ABOVE WOULD NEGATE THE ALTERNATIVE FOR COLLECTIVE BARGAINING THAT THE LEGISLATURE HAS PROVIDED FOR DISTRIBUTION OF THE 75% DIFFERENTIAL AND WOULD, IN EFFECT, CREATE A FLOOR UNDER WHICH COLLECTIVE BARGAINING WOULD HAVE TO TAKE PLACE FOR DISTRIBUTION OF THE 75% DIFFERENTIAL IN STATE AID. THAT RESULT WOULD, IN MY VIEW, EFFECTIVELY STULTIFY THE COLLECTIVE BARGAINING PROCESS.
I HOPE THAT YOU FIND THE FOREGOING REMARKS, WHICH ARE, OF COURSE, THE VIEWS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL AND DO NOT CONSTITUTE THE FORMAL OPINION OF THE ATTORNEY GENERAL, ARE HELPFUL TO YOU. ADDITIONALLY, IT IS TO BE HOPED THAT THE UNDERLYING COLLECTIVE BARGAINING DISPUTE WHICH GIVES RISE TO YOUR QUESTION IS RESOLVED, IF NOT AMICABLY, AT LEAST DEFINITIVELY, BY THE PARTIES THEMSELVES AT THE COLLECTIVE BARGAINING TABLE.
(NED BASTOW)